UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

JOSE FERRER,

        Plaintiff,

vs.

DOWNTOWN TOWING COMPANY,
a Florida corporation,

        Defendant.

_____/

## **COMPLAINT**

Plaintiff, by and through his undersigned counsel, sues the Defendant, DOWNTOWN

TOWING COMPANY, and alleges as follows:

1.      Plaintiff, a former employee of Defendant, brings this action to recover compensation

and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et

seq., and for unpaid wages.

2.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3.      The unlawful employment practices alleged herein occurred and/or were committed

within this judicial district.

4.      At all times material hereto, Plaintiff is/was a resident of this judicial district, an

employee of the Defendant, sui juris and otherwise within the jurisdiction of this Court.

5.      At all times material hereto, Defendant was the employer or former employer of the

Plaintiff and is conducting business in this judicial district and is otherwise 'employer' under the

FLSA.

6.      At all times material hereto, Defendant was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

7.      Defendant has been, at all times material, engaged in interstate commerce, and Defendant's annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.[1]

8.      The Plaintiff was hired as a non-exempt employee by the Defendant in approximately March 2020.

9.      During his employment, the Defendant had Plaintiff, a non-exempt dispatcher under the FLSA, work in excess of forty (40) hours per work week, but did not always properly compensate Plaintiff for all overtime worked, in violation of the FLSA.

10.     Defendant altered time in its timekeeping system to reduce the number of straight and overtime hours Plaintiff worked for Defendant.

11.     The records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

---

1 A Plaintiff "need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his." Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F. Supp. 2d 1373, 1378–79 (S.D. Fla. 2012); see Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., 2008 WL 793660, at *2 (M.D.Fla. 2008) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [ ] such information") (citation omitted). Pleading that a defendant's "gross annual revenues meet this threshold on 'information and belief,'…is enough." Id.; see Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. 2012) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); cf. Vierra v. Sage Dining Servs., Inc., 2010 WL 4867557, at *3 (M.D.Fla. 2010) ("[Plaintiff] failed to allege that it is her belief that [defendant] grossed an annual volume of at least $500,000.").

12.     Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

<u>**COUNT I**</u>
<u>**FLSA**</u>

Plaintiff incorporates by reference the allegations contained in paragraphs 1-12 above.

13.     Plaintiff is entitled to time and one half for each hour actually worked in excess of forty (40) hours per work week pursuant to the FLSA.

14.     By reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

<u>**COUNT II**</u>
<u>**UNPAID WAGES/FLORIDA STATUTES §448.08**</u>

Plaintiff incorporates by reference the allegations contained in paragraphs 1-12 above.

15.     That the Defendant, as alleged herein and above, has wrongfully withheld unpaid wages owed to the Plaintiff.

16.     That as a result of the Defendant's wrongful withholding of Plaintiff's wages, the Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for unpaid wages, costs, reasonable attorney fees pursuant to Florida Statutes 448.08, as well as any other relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all counts.

Respectfully submitted on February 21, 2023.

> Law Offices of Levy & Levy, P.A.
> 1000 Sawgrass Corporate Parkway, Suite 588
> Sunrise, Florida 33323
> Telephone: (954) 763-5722
> Facsimile: (954) 763-5723
> Service Email: assistant@levylevylaw.com
> *Counsel for Plaintiff*
>
> *s/Chad Levy*
> CHAD E. LEVY, ESQ.
> F.B.N.: 0851701
> chad@levylevylaw.com
> HARRIS NIZEL, ESQ.
> F.B.N.: 0807931
> harris@levylevylaw.com